# IN THE COURT OF APPEALS OF IOWA

No. 20-0333
Filed May 13, 2020

**IN THE INTEREST OF L.K.,**
**Minor Child,**

**G.S., Father,**
    Appellant.
_____

Appeal from the Iowa District Court for Linn County, Cynthia S. Finley, District Associate Judge.

A father appeals the juvenile court order terminating his parental rights. **AFFIRMED.**

Jeffrey M. Beatty of Nazette, Marner, Nathanson & Shea, LLP, Cedar Rapids, for appellant father.

Thomas J. Miller, Attorney General, and Meredith L. Lamberti, Assistant Attorney General, for appellee State.

Julie F. Trachta of Linn County Advocate, Inc., Cedar Rapids, attorney and guardian ad litem for minor child.

Considered by Doyle, P.J., Schumacher, J., and Danilson, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**DANILSON, Senior Judge.**

A father appeals the juvenile court order terminating his parental rights. We find there is sufficient evidence in the record to support termination of the father's parental rights, termination is in the child's best interests, and extending this case for an additional six months is not warranted. We affirm the decision of the juvenile court.

I.      **Background Facts & Proceedings**

G.S., father, and T.K., mother, are the parents of L.K., born in 2012.

In September 2018, the Iowa Department of Human Services (DHS) became involved with the family due to a report the mother was using methamphetamine while caring for the child.[1] On October 5, the child was removed from the mother's care and placed with the maternal grandmother. The father was in a correctional facility on drug-related charges at the time.

The child was adjudicated to be in need of assistance (CINA), pursuant to Iowa Code section 232.2(6)(c)(2) and (n) (2018). The father was released from the correctional facility in December. He began visitation with the child, although he was not consistent in attending visits. He did not provide any drug tests to DHS after March 14, 2019, and he later admitted he had relapsed on methamphetamine. The father did not participate in individual therapy.

The father attended family treatment court for a period of time but was discharged when he stated he no longer needed the support. He tested positive for marijuana in May. In July, the father was arrested for parole violations. He was

---

[1] The family had previously been involved in juvenile court services.

placed in a residential facility on work-release status. He did not have any visits from July until October. The father has had negative drug tests through the Iowa Department of Corrections since August.

On October 7, the State filed a petition seeking termination of the parents' rights. The juvenile court terminated the father's parental rights under section 232.116(1)(f) (2019).[2] The court found termination of the father's parental rights is in the child's best interests. The court determined none of the exceptions in section 232.116(3) should be applied. The father appeals the decision of the juvenile court.

## II.     Standard of Review

Our review of termination proceedings is de novo. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). The State must prove its allegations for termination by clear and convincing evidence. *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). "'Clear and convincing evidence' means there are no serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *Id.* Our primary concern is the best interests of the child. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014).

## III.    Sufficiency of the Evidence

The father claims there is not sufficient evidence in the record to support termination of his parental rights under section 232.116(1)(f). He asserts the State failed to establish by clear and convincing evidence the child could not be returned to his care.

---

[2] The mother's parental rights were also terminated. She has not appealed.

Subsection 232.116(1)(f)(4) requires a showing "[t]here is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102." The term "at the present time" means at the time of the termination hearing. *See In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). At the time of the hearing, the father was living at a residential services facility that did not permit children. We conclude there is clear and convincing evidence in the record to show the child could not be returned to the father's care at the time of the termination hearing. We find the father's parental rights were properly terminated under section 232.116(1)(f).

## IV. Best Interests

The father contends that termination of his parental rights is not in the best interests of the child. "When we consider whether parental rights should be terminated, we 'shall give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child.'" *In re M.W.*, 876 N.W.2d 212, 224 (Iowa 2016) (quoting Iowa Code § 232.116(2)). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010).

On the issue of best interests, the juvenile court stated:

It is in [the child's] best interest for termination of parental rights to occur. She needs stability and consistency now, not at some distant point in the future. She has spent a large part of her seven years living in the chaos that comes with a parent having serious substance abuse issues. She deserves better.

We agree with the juvenile court's findings. The father is not able to provide stability for the child. Throughout her life, he has been in and out of imprisonment and in and out of treatment programs. We conclude termination of the father's rights is in the child's best interests.

## V.     Additional Time

The father requests an additional six months to work on reunification with the child. Section 232.104(2)(b) permits the juvenile court "to continue placement of the child for an additional six months." The court may grant an extension of time under this provision based on a "determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." Iowa Code § 232.104(2)(b). In determining whether an extension of time should be granted, the court cannot lose sight of the best interests of the child. *See In re R.C.*, 523 N.W.2d 757, 760 (Iowa Ct. App. 1994).

The juvenile court noted the father was able to maintain sobriety for periods of time but then would cycle back into using illegal drugs. Even after the father is released from the residential services facility, he would need to show an extended period of sobriety to show he had broken out of the cycle he has been in for many years. We agree with the court's statement, the child "needs stability and consistency now, not at some distant point in the future." We conclude it is not in the child's best interests to further extend this case.

We affirm the decision of the juvenile court.

**AFFIRMED.**